UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWENDOLYN EVANS,

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, ET AL.,

    Defendants.

_____/

Case No. 12-13116

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [6] AND CANCELLING HEARING SCHEDULED FOR OCTOBER 24, 2012**

Plaintiff's suit arises out of two events: (1) the September 23, 2009 foreclosure and sheriff's sale of residential property located at 14367 Stahelin, Detroit, Michigan (the "Mortgaged Property"), to Defendant Federal National Mortgage Association ("FNMA") for $148,728.35 (Pl.'s Compl., Ex. 1, Sheriff's Deed); and (2) summary eviction proceedings commenced in the 36th District Court, Civil/Real Estate Division, Detroit, Michigan to allow Defendant FNMA to obtain possession of the Mortgaged Property that ultimately concluded in FNMA's favor. Plaintiff originally filed this lawsuit in Wayne County Circuit Court on July 2, 2012, and it was timely removed to this Court based on this Court's diversity jurisdiction.

Plaintiff's seven-count complaint asserts claims of wrongful foreclosure, wrongful eviction, and fraud. Specifically, Plaintiff alleges that Defendants (1) unlawfully evicted her from the Mortgaged Property in a forcible and unlawful manner in violation of Mich. Comp. Laws § 600.2918(1) (Counts 1, 2, 6); and (2) wrongfully foreclosed in violation of Michigan's

foreclosure by advertisement statute, Mich. Comp. Laws § 600.3204, wrongfully encumbered the Mortgaged Property in violation of Mich. Comp. Laws § 600.2907a, and committed fraud because a record chain of title did not exist prior to the foreclosure sale and because there is evidence robo-signing by notaries on the Sheriff's Deed and on the affidavits recorded with the Sheriff's Deed (Counts 2-6). Plaintiff also asserts a claim for unidentified equitable relief (Count 7). For relief, Plaintiff wants the Court to set aside the September 23, 2009 foreclosure and sheriff's sale, to quiet title in her name, and to award her money damages.

This matter is now before the Court on Defendants' motion to dismiss.

The Court finds that the facts and legal arguments are adequately presented in the pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that Defendants' motion to dismiss [6] be resolved as submitted, and the hearing previously scheduled for Defendants' motion on October 24, 2012 is hereby CANCELLED.

Because Plaintiff fails to state a plausible claim for relief, Defendants' motion is GRANTED.

**I.     Background**

This case has a long and tortured past. The key uncontested facts are that Plaintiff defaulted on her mortgage loan, a foreclosure and sheriff's sale of the Mortgaged Property occurred on September 23, 2009, and Michigan's six-month statutory redemption period expired without Plaintiff exercising her statutory right of redemption, despite Plaintiff's numerous bankruptcy filings in Massachusetts. It is also undisputed that state-court

2

summary eviction proceedings involving the Mortgaged Property have been fully and finally litigated, and Plaintiff did not prevail in the numerous arguments she attempts to re-litigate here. And now, the somewhat longer version.

On October 30, 2006, Plaintiff executed a Mortgage and Note in the amount of $128,000.00 in connection with her purchase of the Mortgaged Property. MERS was the mortgagee, acting solely as a nominee for the Lender, IndyMac Bank, F.S.B., a federally chartered savings bank. These documents were recorded in Wayne County. (Defs.' Mot., Ex., Mortg.)

On May 15, 2008, MERS assigned its interest in the Mortgaged Property to IndyMac Bank, F.S.B. This assignment was also recorded in Wayne County. (*Id.*, Ex. 2, Assignment.)

On September 23, 2009, foreclosure by advertisement proceedings concluded with a sheriff's sale of the Mortgaged Property to Defendant FNMA for the amount of $148,728.35. The Sheriff's Deed was executed by Ralph Leggat, Deputy Sheriff, Wayne County, Michigan, and recorded on October 1, 2009. (*Id.*, Ex. 3, Sheriff's Deed.)

Based on the September 23, 2009 foreclosure and sheriff's sale, Plaintiff's six-month statutory redemption period was due to expire on March 23, 2010.

On October 21, 2009, Plaintiff filed her first Chapter 13 bankruptcy petition in the United States Bankruptcy Court, District of Massachusetts. That matter was closed on December 8, 2009. (Pl.'s Compl., Ex. 2, Bankr. Ct. Doc., Case No. 09-44425.)

On March 30, 2010, Plaintiff filed her second Chapter 13 bankruptcy petition in the Massachusetts Bankruptcy Court. That matter was closed on July 19, 2010. (*Id.*, Case No. 10-41488.)

On July 8, 2010, eviction proceedings were commenced in the 36th District Court in Wayne County, Michigan, by Defendant Federal Home Mortgage Loan Corporation against Plaintiff to obtain possession of the Mortgaged Property. (Pl.'s Compl., Ex. 3, 36th Dist. Ct. Doc., Case No. 10-316-623.)

On July 20, 2010, the District Court granted an adjournment until September 29, 2010, so as to allow Plaintiff the opportunity to file for bankruptcy and to allow proof to be submitted so that the chain of title could be verified. (Pl.'s Compl., Ex. 6, 7/20/10 Adjournment.)

On September 14, 2010, Plaintiff filed her third Chapter 13 bankruptcy petition in the United States Bankruptcy Court, District of Massachusetts. (Pl.'s Compl., Ex. 2, Bankr. Ct. Doc., Case No. 10-44550.)

On April 6, 2011, Defendant FNMA obtained an Order from the Massachusetts Bankruptcy Court granting FNMA and its successors and assigns "relief from the automatic stay provisions of 11 U.S.C. § 362 for the purpose of continuing its eviction proceeding pending in Michigan State Court (36th Judicial District Case No. 10-316-623) and exercising its rights in accordance with the ruling of such court and applicable state and federal law." (Pl.'s Compl., Ex. 4, 4/6/11 Order.)

On December 22, 2011, the 36th District Court granted Defendant's motion for summary disposition because Plaintiff Evans had "failed to state a valid defense and there [were] no genuine issues of material fact remaining." (Pl.'s Compl., Ex. 8, 12/22/11 Order.) Defendant was awarded possession of the Mortgaged Property. (Pl.'s Compl., Ex. 7, 1/9/12 Possession Judgment.) Plaintiff appealed that decision.

On March 14, 2012, Plaintiff's appeal was dismissed, and Plaintiff's motion for reconsideration of that dismissal was denied on April 11, 2012. (Pl.'s Compl., Ex. 9, 4/11/12 Order.)

On April 17, 2012, Defendant Federal Home Loan Mortgage Corporation filed a motion in the 36th District Court seeking to substitute FNMA in its stead as the plaintiff in that court's eviction proceedings and explaining that this was needed to correct a harmless error that counsel mistakenly thought had already been corrected at an August 31, 2011 hearing. (Pl.'s Compl., Ex. 10, Mot.) That motion was subsequently granted. (Defs.' Mot, Ex. 8, Order.)

On June 5, 2012, the 36th District Court granted Defendant FNMA's motion for a writ of restitution or order of eviction. (Defs.' Mot., Ex. 9, Order.)

On June 27, 2012, Plaintiff's unsuccessful attempts to appeal the 36th District Court's decision were dismissed. (Defs.'s Mot, Ex. 10, Orders.)

On July 2, 2012, Plaintiff filed this action in Wayne County Circuit Court, and it was removed here on July 16, 2012.

On August 2, 2012, Plaintiff filed her fourth Chapter 13 bankruptcy petition in the United States Bankruptcy Court, District of Massachusetts. (Doc. # 7, Notice of Bankruptcy Case Filing.)

**II.    Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express*

5

*Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

6

state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition, documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotation marks and citations omitted).

### III. Analysis

#### A. Plaintiff's Most Recent Bankruptcy Does Not Preclude Decision Here

After Plaintiff filed this lawsuit, she subsequently filed her fourth Chapter 13 bankruptcy case in the United States Bankruptcy Court for the District of Massachusetts (Case No. 12-42859). This Court required both parties to file a brief addressing the effect of Plaintiff's most recent bankruptcy filing upon this lawsuit, including Defendants' pending motion to dismiss. Defendants argue that it has no effect, and Plaintiff argues to the contrary. This Court agrees with Defendants.

The automatic stay at issue in bankruptcy cases, 11 U.S.C. § 362, does not bar actions brought by the debtor. "The stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor. This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor."

*Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC)*, 654 F.3d 868, 875 (9th Cir. 2011) (internal citations omitted). *See also PFS Inv., Inc. v. Imhoff*, No. 11-10142, 2012 WL 254125 at *3 (E.D. Mich. Jan. 27, 2012) (citing *In re Bryner*, 425 B.R. 601, 605-08 (B.A.P. 10th Cir. 2010) and *In re White*, 186 B.R. 700 (B.A.P. 9th Cir. 1995) and observing that "a party may defend against a debtor's lawsuit without violating [11 U.S.C.] § 362(a)(3)."). Moreover, because the automatic stay does not prevent a plantiff/debtor from continuing to prosecute her lawsuit, Defendants need not obtain relief from the bankruptcy court to defend Plaintiff/debtor's action. *See Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 337 (B.A.P. 9th Cir. 1994) (internal citation omitted) (observing that "[t]he fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, and the automatic stay is essential to this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights."). The decisions Plaintiff cites in opposition do not hold to the contrary.

The Court now addresses the merits of Defendants' motion to dismiss.

**B. Plaintiff's Claims Arising from Eviction Proceedings Are Barred**

Defendants persuasively argue that Plaintiff's claims arising out of eviction proceedings that have been finally resolved are barred from being re-litigated here under the doctrine of res judicata. It is well-established that "federal courts are required to give the judgments of state courts the same preclusive effect as they are entitled to under the laws of the state rendering the decision." *Ludwig v. Township of Van Buren*, 682 F.3d 457, 460 (6th Cir. 2012) (internal quotation marks and citation omitted). Under Michigan law, "res judicata bars a second, subsequent action when (1) the prior action was decided on

8

the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id.* (internal quotation marks and citation omitted).

As to the first requirement, it is undisputed that the prior eviction proceedings involving the Mortgaged Property were adjudicated on the merits and resulted in a final judgment on the merits. The 36th District Court granted FNMA's motion for summary disposition and awarded FNMA a judgment for possession on December 22, 2011. Under Michigan law, this is a decision on the merits. *See Sherrell v. Bugaski*, 425 N.W.2d 707, 709 (Mich. Ct. App. 1988). Moreover, Plaintiff's subsequent appeals have been dismissed.

As to the second requirement, this lawsuit involves the same parties or their privies as those in the 36th District Court eviction proceedings. Although the 36th District Court case was initially filed by Defendant Federal Home Loan Mortgage Corporation, Defendant FNMA was successfully substituted as the proper party plaintiff. Defendant OneWest Bank, FSB is the successor to IndyMac Bank, F.S.B. via acquisition from the FDIC of the assets of failed lender IndyMac Bank, FSB and thus stands in privity with the entity that was assigned the mortgage on the Mortgage Property, that subsequently foreclosed on that property by advertisement and thus facilitated its sale to Defendant FNMA. *See Haywood Harrison, P.C. v. Delene*, No. 284509, 2009 WL 1440661 at *6 (Mich. Ct. App. May 21, 2009) (internal footnote with citation omitted) (observing that "[p]rivity requires a substantial identity of interests and a relationship in which the interests of the nonparty were presented and protected by the litigant.").

As to the third requirement, each claim Plaintiff raises in this lawsuit alleging lawful possession and a wrongful, unlawful eviction with regard to the Mortgaged Property was

or could have been raised in the proceedings in the 36th District Court (Counts 1, 2, 6). As observed by the Michigan Supreme Court, it takes a "broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004).

Because the requirements for application of the doctrine of res judicata have been satisfied as to all claims Plaintiff raises in this lawsuit concerning lawful possession and eviction as to the Mortgaged Property that were or could have been raised in the 36th District Court eviction proceedings, those claims are hereby dismissed with prejudice.

The Court now addresses Plaintiff's claims alleging wrongful foreclosure and fraud.

### C. The Six-Month Redemption Period Has Expired and Plaintiff Cannot Obtain the Relief She Seeks

At the expiration of Michigan's six-month redemption period, FNMA, as the entity holding legal title to the Property via the Sheriff's Deed, was vested with "all the right, title, and interest" in the Property. *See* Mich. Comp. Laws § 600.3236. As such, Plaintiff cannot obtain the relief she seeks, i.e., unravel the foreclosure process, void the sheriff's deed, and quiet title in her name. *See Spartan Distributors, Inc. v. Golf Coast Int'l, LLC*, No. 295408, 2011 WL 1879722, at *3 (Mich. Ct. App. May 17, 2011) (observing that to preserve statutory right to redemption, payment of redemption amount must be tendered before the statutory redemption period ends; otherwise, the right to redeem becomes extinct, and absolute title vests in the purchaser at the foreclosure sale).

Moreover, it is well-established that "'[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a

mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity.'" *Evans v. LNV Corp.,* No. 12-12287, 2012 WL 4048880, at *3 (E.D. Mich. Sept. 13, 2012) (quoting *Overton v. Mortg. Elec. Regis. Sys., Inc.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009)). "[T]he type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself." *Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-cv-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010).

Claims similar to those raised by Plaintiff here were recently rejected in *Pettey v. CitiMortgage, Inc.*, No. 11-13779, 2012 WL 3600342 (E.D. Mich. Aug. 21, 2012). The plaintiffs in *Pettey*, similar to Plaintiff here, sought to have a sheriff's sale set aside and title in mortgaged property quieted in their name. As the *Pettey* court observed, "a mortgagor must clear a high hurdle to set aside a sheriff's sale." *Id.* at *6. "It would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Id.* (internal quotation marks and citations omitted). Moreover, "[t]he purported defect must be in the sale process itself." *Id.* (citations omitted).

Just as in *Pettey*, Plaintiff's alleged "fraud" or "irregularity" do not allow the foreclosure and sheriff's sale to be set aside "because the claimed errors are not in the sale process itself." *Id.* Although vague, it appears that Plaintiff is alleging that Defendants committed fraud because the assignment from MERS to IndyMac Bank, FSB was invalid, a record chain of title did not exist prior to the foreclosure sale, the mortgage loan servicer and not the original mortgagee was the foreclosing party, and because there is evidence of robo-signing by notaries on the Sheriff's Deed and on the affidavits recorded with the Sheriff's

Deed (Counts 2-6). Plaintiff's claims of fraud and unlawful foreclosure have been rejected by the courts numerous times.

First, Plaintiff alleges no facts showing fraud in connection with the foreclosure by advertisement of the Mortgaged Property. To the extent Plaintiff's fraud claims focus on MERS's May 15, 2008 assignment to IndyMac Bank, FSB, "[b]ecause Plaintiff cannot establish any risk of having to pay the same debt twice, it is well-established under Michigan law that Plaintiff lacks standing to challenge the validity of an assignment to which she is not a party." *Thomas v. Mortg. Electronic Registration Sys., Inc.*, No. 11-15670, 2012 WL 834688, at *5 (E.D. Mich. Mar. 13, 2012). The question then becomes whether this assignment was recorded before the sheriff's sale. Because it was recorded on July 9, 2008, a record chain of title existed on the September 23, 2009 date of the sheriff's sale, and the foreclosure of the Mortgaged Property complied with Mich. Comp. Laws § 600.3204(3). *See id.* Thus, despite Plaintiff's allegations to the contrary, there is no defect in the record chain of title that precluded the mortgage loan servicer from pursuing foreclosure by advertisement under Michigan law. *See* Mich. Comp. Laws § 600.3204(1)(d).

Plaintiff's additional allegations of fraud and irregularities are likewise insufficient to warrant setting the foreclosure sale of the Mortgaged Property aside. The essence of Plaintiff's fraud allegation in connection with the affidavits that were recorded with the sheriff's deed is that the signatures of those notaries do not match exactly the signature on the notaries' applications for commission as a notary public as required by Michigan statute. In other words, Plaintiff is arguing that the notary signatures were robo-signatures, not valid signatures. *See* Mich. Comp. Laws § 55.287. A similar argument challenging

similar affidavits recorded with a sheriff's deed was recently rejected in *Pettey*. There, the district court agreed with the defendant that "the execution of any such affidavit is an optional procedure and not a prerequisite to a valid sheriff's sale." *Pettey*, 2012 WL 3600342 at *9. It thus concluded that "[a]ny defects in the affidavits -- if indeed there are any -- provide no basis on which to set aside the sheriff's sale." *Id.* at *10. The same reasoning and result apply here.

Finally, Plaintiff has not and cannot state a claim of fraud in connection with the alleged false notarization of the Deputy Sheriff's signature on the Sheriff's Deed itself. Plaintiff alleges that Defendants committed fraud because the notary signature on the Sheriff's Deed does not comply with statutory notarization requirements. A similar argument was recently rejected by the district court in *Smith v. Bank of America, N.A.*, No. 1:11-CV-866, 2012 WL 1657349 (W.D. Mich. May 10, 2012).

To establish a claim for fraud, Plaintiff must allege: "(1) that a defendant made a material misrepresentation; (2) that it was false; (3) that when the defendant made it, the defendant knew that it was false, or made it recklessly, without any knowledge of its truth as a positive assertion; (4) that the defendant made it with the intention that it should be acted upon by [Plaintiff]; (5) that [Plaintiff] acted in reliance upon it; and (6) that [Plaintiff] thereby suffered injury." *Id.* at *3. It is Plaintiff's burden to establish each of these elements by "clear, satisfactory, and convincing evidence." *Id.*

Plaintiff's fraud claim fails for the same reason the plaintiffs' substantially similar claim failed in *Smith*. "It is not plausible that [Plaintiff] relied upon the notarization" on the Sheriff's Deed. *Id.* at *4. If anyone relied upon a forged notarization, it was the purchaser -- Defendant FNMA. *See id.* Moreover, "even if [Plaintiff] relied upon a forged notarization,

[she] did not do so to [her] detriment because the reliance caused [her] no harm;" she had defaulted on her mortgage loan and, as discussed above, the loan servicer had a lawful right to foreclose on the Mortgaged Property.  *See id.*

For the above-stated reasons, Plaintiff's claims of fraud and unlawful foreclosure are dismissed with prejudice.  Plaintiff has not alleged a clear showing of fraud or irregularity in the foreclosure process.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff's complaint is DISMISSED WITH PREJUDICE, and the hearing previously scheduled on this motion is hereby CANCELLED.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated:  October 23, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer  
        Case Manager